UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
CARLOS ASENCIO,

                          Plaintiff,

      - against-

THE CITY OF NEW YORK, THE NEW YORK CITY
DEPARTMENT OF CORRECTION,
THE NEW YORK CITY DEPARTMENT OF PROBATION,
NEW YORK CITY PROBATION OFFICER "JOHN DOE",
in his individual and official capacity as a New York City
Probation Officer.

                      Defendants,
------------------------------------------------------------------------X

CIVIL CASE NO.:

COMPLAINT AND
JURY TRIAL DEMAND

Plaintiff, CARLOS ASENCIO, by his attorney, PAUL V. PRESTIA, ESQ., complaining of the Defendants herein, respectfully alleges as follows:

## **JURISDICTION**

1. Plaintiff brings this civil action, seeking compensatory damages, punitive damages, costs and attorney's fees.

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988 and the Fourth and Fourteenth Amendments to the Constitution of the United States.

3. Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343, and 1367.

4. This Court can also exercise supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiff's state law claims because they are derived from the same nucleus of operative facts as the federal law claim such that Plaintiff would ordinarily expect to try them in one proceeding.

5. Plaintiff, invoking the supplemental jurisdiction of this Court, also seeks compensatory and punitive damages for battery.

## VENUE

6. Venue is proper in this judicial district under 45 U.S.C. § 56 and 28 U.S.C. § 1391 because Defendants transact business, committed an illegal and/or tortious act, has an agent, and/or is found in this district, and because a substantial part of the events described herein occurred in this district.

7. Venue is properly alleged in the Southern District of New York in that the acts complained of herein occurred within this District.

## JURY TRIAL DEMAND

8. Plaintiff hereby demands a trial by jury of all issues in this action that are so triable.

## PARTIES

9. At all times relevant hereto, Plaintiff, CARLOS ASENCIO (hereinafter "Asencio"), was and is a natural person, residing in Bronx County, City and State of New York.

10. At all times relevant hereto, Defendant THE CITY OF NEW YORK (hereinafter "The City") was and is a municipal corporation, organized and existing pursuant to the laws of the State of New York.

11. At all times relevant hereto, Defendant THE NEW YORK CITY DEPARTMENT OF DEPARTMENT OF CORRECTION (hereinafter "Department of Correction") was and is an entity that operates under the auspices of THE CITY OF NEW YORK.

12. At all times relevant hereto, Defendant THE NEW YORK CITY DEPARTMENT OF DEPARTMENT OF PROBATION (hereinafter "Department of Probation") was and is an entity that operates under the auspices of THE CITY OF NEW YORK.

13. At all times relevant hereto, Defendant NEW YORK CITY PROBATION OFFICER "JOHN DOE" (hereinafter "John Doe Officer"), was and is a natural person, employed as a probations officer by Defendants The City, Department of Corrections and Department of Probation.

14. The individual Defendant John Doe Officer is sued in both his individual and official capacities.

## FACTUAL ALLEGATIONS

15. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "14" hereinabove as if more fully set forth at length herein.

16. On or about September 14, 2016, Plaintiff CARLOS ASENCIO was lawfully present in an apartment at 790 Grand Concourse, Bronx, New York.

17. While inside the aforementioned location, Plaintiff was approached by Defendant John Doe Officer, a member of the New York City Department of Probation.

18. Defendant John Doe Officer did not announce his name, display his shield or identify himself as a probation officer.

19. Defendant John Doe Officer then physically assaulted Plaintiff by striking him in the face, eye and jaw.

20. As Plaintiff stumbled from the blow, Defendant John Doe Officer pushed Plaintiff out of an open second story window.

21. Plaintiff fell from an elevated height, sustaining serious injuries.

22. Plaintiff, fearing for his safety, walked approximately one block before collapsing to the ground.

23. Defendant John Doe Officer exited the aforementioned building and chased down Plaintiff.

3

24. Defendant John Doe Officer then handcuffed and arrested Plaintiff.

25. Asencio was taken to Lincoln and Bellevue Hospitals for X-rays and treatment to his elbow, back, spine and legs. Plaintiff underwent a closed reduction of his right arm and an external fixator was placed on his elbow.

26. Asencio was later brought to New York County Supreme Court where he was charged with violating his probation.

27. Asencio was remanded by the court and transferred to Rikers Island Detention Center, where he remained until June 2017.

28. During the course of Plaintiff's incarceration, he was given only over-the-counter pain relievers by medical staff who refused to render more advanced medical treatment and care.

29. During the course of Plaintiff's incarceration, Defendants The City, Department of Corrections, Department of Probation, their agents, servants and employees, failed to tender proper medical care to Asencio.

30. As a result of the Defendants' failures, Asencio's injuries were exacerbated and became permanent in nature.

31. Plaintiff has required follow-up surgery and treatment for injuries to his elbow, back, and leg. The full extent of his injuries have yet to be determined.

## AS AND FOR A FIRST CAUSE OF ACTION
**(42 U.S.C. §1983)**

32. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "31" hereinabove as if more fully set forth at length herein.

33. Defendant John Doe Officer violated Plaintiff's rights as guaranteed to him by the Fourth and Fourteenth Amendments to the Constitution of the United States, in that, acting under color of state law, he, without any cause or provocation whatsoever, used unreasonable and

4

excessive force on Plaintiff, in that he was physically aggressive with Plaintiff without provocation, and pushed Plaintiff out of a second story window, resulting in serious injuries.

34. Because of the aforementioned acts committed against him by Defendant John Doe Officer, Plaintiff suffered a deprivation of his right not to be subjected to excessive and unnecessary force, guaranteed to him by the Fourth and Fourteenth Amendments to the Constitution of the United States, and 42 U.S.C. § 1983, as a result, was rendered sick, sore, lame, and disabled, was severely and permanently injured, required surgery, required and will require medical treatment, and incurred, and will continue to incur, expenses for medical treatment.

35. By reason of the aforementioned unconstitutional and illegal actions taken against him by Defendant John Doe Officer, Plaintiff has been damaged in an amount sufficient to compensate him for his injuries as enumerated above, and, in addition, seeks punitive damages against Defendant John Doe Officer.

## AS AND FOR A SECOND CAUSE OF ACTION
### (ASSAULT)

36. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "35" hereinabove as if more fully set forth at length herein.

37. On or about September 14, 2015, in the County of Bronx, City and State of New York, Defendant John Doe Officer offensively touched Plaintiff by striking him and pushing him out an open second story window.

38. The aforesaid physical conduct made by Defendant John Doe Officer was not reasonable under the circumstances.

39. The aforesaid physical conduct was malicious and intentional.

40. At the aforementioned time and place, Defendant John Doe Officer was acting within the scope of his employment by Defendants The City, Department of Corrections and Department of Probation.

41. By reason of the aforementioned act of battery committed against Plaintiff by Defendant John Doe Officer, while he was acting in the scope of his employment by Defendants The City, Department of Corrections and Department of Probation, Plaintiff was rendered sick, sore, lame, and disabled, was severely and permanently injured, required surgery, required and will require medical treatment, and incurred, and will continue to incur, expenses for medical treatment.

42. As a result of the September 14, 2015 assault, the full extent of Plaintiff's injuries is unknown at this time.

43.

44. By reason of the aforementioned battery committed against him by Defendant John Doe Officer, while he was acting within the scope of his employment by Defendants The City, Department of Corrections and Department of Probation, Plaintiff has been damaged in an amount sufficient to compensate him for his injuries as enumerated hereinabove, and, in addition, seeks punitive damages against Defendant John Doe Officer.

### AS AND FOR A THIRD CAUSE OF ACTION
### (DELIBERATE INDIFFERENCE TO SERIOUS MEDICAL NEEDS)

45. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "44" hereinabove, as if more fully set forth at length herein.

46. Plaintiff had suffered a severe injury to his elbow, back and legs just prior to his arrest.

47. Plaintiff required surgery and the implementation of an external fixator in his right elbow, while in police custody.

48. At Rikers Island Correctional Facility, Plaintiff received minimal medical treatment and/or follow-up care which exacerbated Plaintiff's pain and suffering.

49. Plaintiff did not receive adequate care of treatment for injuries sustained to his back and legs.

50. Defendants The City, Department of Corrections and Department of Probation had a duty to care and treat inmates with serious medical conditions.

51. The full extent of Plaintiff's injuries is not fully known at this time.

## AS AND FOR A FOURTH CAUSE OF ACTION
## (RESPONDEAT SUPERIOR)

52. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "44" hereinabove, as if more fully set forth at length herein.

53. At all times hereinafter mentioned, Defendant John Doe Officer was employed by Defendants Suffolk County and Suffolk PD.

54. The individual defendant was acting within the scope of this employment by The City, Department of Corrections and Department of Probation, as New York City Probation Officer, when he committed the above described acts against Plaintiff, including assaulting, and using excessive force against Asencio.

55. Defendants The City, Department of Corrections and Department of Probation are therefore vicariously liable under New York State law for the aforesaid torts.

## AS AND FOR A FIFTH CAUSE OF ACTION
## AGAINST THE CITY OF NEW YORK
## AND THE NEW YORK CITY DEPARTMENT OF PROBATION
## (MONELL)

56. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "55" hereinabove, as if more fully set forth at length herein.

57. On information and belief, it was the policy and/or custom of Defendants The City, Department of Corrections and Department of Probation to inadequately and improperly investigate citizen complaints of police misconduct, and acts of misconduct were instead tolerated and/or overlooked by Defendants The City, Department of Corrections and Department of Probation.

58. On information and belief, it was the policy and/or custom of Defendants The City, Department of Corrections and Department of Probation to inadequately screen, hire, train, supervise and discipline its police officers, including the Defendant John Doe Officer, for their propensity to employ violence, excessive force and restraint, and for their failure to protect citizens from unconstitutional conduct of other probation officers, thereby permitting and allowing the Defendant John Doe Officer to be in a position to assault, unlawfully restrain, falsely arrest, and unlawfully imprison Plaintiff and otherwise cause him injury and violate his state and federal constitutional rights.

59. As a result of the above described policies and customs, Defendant John Doe Officer, believed that his actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated and/or overlooked by Defendants The City, Department of Corrections and Department of Probation.

60. The above described policies and customs demonstrated a deliberate indifference on the part of the policymakers of Defendants The City, Department of Corrections and Department of Probation to the state and federal constitutional rights of persons within the County, and were the cause of the violations of Plaintiff's rights guaranteed under the Fourth and Fourteenth Amendments of the United States Constitution, and under 42 U.S.C. § 1983.

61. The conduct and negligence of Defendants The City, Department of Corrections and Department of Probation were the direct and proximate cause of the injuries sustained by Plaintiff.

62. As a consequence thereof, Plaintiff has been injured and claims damages under 42 U.S.C. § 1983 for the aforesaid injuries.

**WHEREFORE**, Plaintiff, Shear, demands judgment against Defendants, The City, Department of Corrections and Department of Probation and John Doe Officer as follows:

FIRST CAUSE OF ACTION: An amount sufficient to compensate him for his injuries as enumerated hereinabove, and, in addition, seeks punitive damages against Defendants John Doe Officer;

SECOND CAUSE OF ACTION: An amount sufficient to compensate him for his injuries as enumerated hereinabove, against Defendant John Doe Officer, and, in addition, seeks punitive damages against Defendants The City, Department of Corrections and Department of Probation;

THIRD CAUSE OF ACTION: An amount sufficient to compensate Plaintiff for his injuries as enumerated hereinabove, against The City, Department of Corrections and Department of Probation;

FOURTH CAUSE OF ACTION: An amount sufficient to compensate Plaintiff for his injuries as enumerated hereinabove, against The City, Department of Corrections and Department of Probation;

FIFTH CAUSE OF ACTION: An amount sufficient to compensate Plaintiff for his injuries as enumerated hereinabove, against The City, Department of Corrections and Department of Probation;

In addition, Plaintiff demands the costs and disbursements of this action, including his attorney's fees, pursuant to 42 U.S.C. § 1988.

Dated:  New York, New York
        December 26, 2017

_____/s/_____
PAUL V. PRESTIA, ESQ.
*Attorney for Plaintiff*
Liakas Law, P.C.
65 Broadway, 13th Floor
New York, New York 10006
(212) 937-7765