UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
CARLOS ASENCIO,

Plaintiff,

- against-

THE CITY OF NEW YORK, PROBATION OFFICER JOSE MEDINA, PROBATION OFFICER HECTOR BENITEZ, PROBATION OFFICER GREGORY CLARK, PROBATION OFFICER RAYMOND MOORE, PROBATION OFFICER GARRETT HALL,

Defendants,
----------------------------------------------------------------------X

18-cv-00097-SHS

PLAINTIFF'S FIRST AMENDED COMPLAINT AND JURY TRIAL DEMAND

Plaintiff, CARLOS ASENCIO, by his attorneys, LIAKAS LAW, P.C., as and for this Complaint, respectfully alleges, upon information and belief:

**JURISDICTION**

1. This is a civil action, seeking compensatory damages, punitive damages, and attorney's fees.

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988 and the Fourth and Fourteenth Amendments to the Constitution of the United States, and the laws and Constitution of the State of New York.

3. Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343, and 1367. This Court can also exercise supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367.

4. Plaintiff seeks monetary damages (special, compensatory, and punitive) against defendants, as well as an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

**VENUE**

5. Venue is laid within the Southern District of New York in that Defendants are

located within and a substantial part of the events giving rise to the claim occurred within the boundaries of the Southern District.

## NOTICE OF CLAIM

6. Within 90 days of the events giving rise to this claim, plaintiff filed written notice of claim with the Suffolk County Attorney's Office. Over 30 days have elapsed since the filing of that notice, and this matter has not been settled or otherwise disposed of.

## JURY TRIAL DEMAND

7. Plaintiff demands a trial by jury.

## PARTIES

8. At all times relevant hereto, Plaintiff, CARLOS ASENCIO (hereinafter "Asencio"), was and is a natural person, residing in Bronx County, City and State of New York.

9. THE CITY OF NEW YORK (or "the City") is a municipal corporation organized under the laws of the State of New York. At all times relevant hereto, Defendant City, acting through the New York City Department of Probation (or "NYCDOP"), was responsible for the policy, practice, supervision, implementation, and conduct of all NYCDOP matters and was responsible for the appointment, training, supervision, discipline and retention and conduct of all NYCDOP personnel. In addition, at all times here relevant, Defendant City was responsible for enforcing the rules of the NYCDOP, and for ensuring that the NYCDOP personnel obey the laws of the United States and the State of New York.

10. Probation Officer Jose Medina, Probation Officer Hector Benitez, Probation Officer Gregory Clark, Probation Officer Raymond Moore, and Probation Officer Garrett Hall were, at all times here relevant, probation officers of the NYCDOP, and as such were acting in the capacity of agent, servant and employee of the City. On information and belief, defendants

Medina, Benitez, Clark, Moore, and Hall were involved in the use of excessive force against plaintiff and/or failed to intervene in the actions of his fellow officers. Defendants Medina, Benitez, Clark, Moore, and Hall are sued in their individual and official capacities

## FACTUAL ALLEGATIONS

11. On September 14, 2016, Plaintiff CARLOS ASENCIO was lawfully present in an apartment at 790 Grand Concourse, Bronx, New York.

12. On that date defendants Medina, Benitez, Clark, Moore, and Hall came to 790 Grand Concourse to arrest Plaintiff regarding alleged violation of his parole.

13. Defendants entered the apartment without announcing their name, displaying their badges, or identifying themselves as probation officers.

14. One of the defendant officers physically assaulted Plaintiff by striking him in the face, eye and jaw.

15. As Plaintiff stumbled from the blow, the officer pushed Plaintiff out of an open second story window.

16. Plaintiff fell from the elevated height, sustaining serious injuries.

17. While the probation officer defendant assaulted Plaintiff, the other named probation officers stood by and did not intervene.

18. Defendants had opportunity and ability to intervene to prevent the assault committed against plaintiff by their fellow officer, but failed to do so.

19. Plaintiff tried to move from where he landed after falling from the window, but collapsed to the ground approximately one block away.

20. Defendants pursued and arrested Plaintiff.

21. Plaintiff was taken to Lincoln and Bellevue Hospitals for X-rays and treatment to his elbow, back, spine and legs.

22. Plaintiff suffered a fracture of his right olecranon process (elbow bone), fractures of his left lunate and scaphoids (bones in the hand), head trauma, and pain to numerous body parts.

23. Plaintiff underwent open reduction and internal fixation (ORIF) surgery for his wrist injury. He also underwent a surgical procedure for his elbow, and had an external fixator installed to his elbow.

24. Plaintiff was later charged with violating his probation, and held at the Rikers Island Detention Complex, where he remained until June 2017.

25. Plaintiff required follow-up surgery and treatment for injuries to his elbow, back, and leg. The full extent of his injuries have yet to be determined.

## DAMAGES

26. As a direct and proximate result of the acts of defendants, plaintiff suffered the following injuries and damages:

a. Violation of his rights pursuant to the Fourth and Fourteenth Amendments to the United States Constitution;

b. Physical pain and suffering;

c. Emotional trauma and suffering, including fear, embarrassment, humiliation, emotional distress, frustration, anxiety;

d. Economic loss.

## AS AND FOR A FIRST CAUSE OF ACTION
**(42 U.S.C. §1983)**

27. The above paragraphs are here incorporated by reference.

28. Defendants have deprived Plaintiff of his civil, constitutional and statutory rights under color of law and have conspired to deprive him of such rights and are liable to Plaintiff under 42 USC § 1983.

29. By using excessive and unnecessary force against Plaintiff, defendants' conduct deprived Plaintiff of his right to be free of unreasonable searches and seizures, thereby violating his rights under the Fourth and Fourteenth Amendment of the United States Constitution.

30. Plaintiff above paragraphs are here incorporated by reference.

**AS AND FOR A SECOND CAUSE OF ACTION**
**(Assault and Battery)**

31. The above paragraphs are here incorporated by reference.

32. Defendants assaulted and battered Plaintiff.

33. Defendants made plaintiff fear for his physical well-being and safety and placed him in apprehension of immediate harmful and/or offensive touching.

34. Defendants engaged in and subjected plaintiff to immediate harmful and/or offensive touching and battered him.

35. Defendants deprived plaintiff of his civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to plaintiff under common law, and the New York State Constitution.

36. Plaintiff was damaged by the assault and battery committed by defendants.

**AS AND FOR A THIRD CAUSE OF ACTION**
**(Respondeat Superior)**

37. The above paragraphs are here incorporated by reference.

38. Defendants' intentional tortious acts were undertaken within the scope of their employment by the City and in furtherance of the defendant City's interest.

39. As a result of defendants' tortious conduct in the course of their employment and in furtherance of the business of defendant City of New York, plaintiff was damaged.

40. Defendant City of New York is liable for the tortious conduct of their employees on the basis of respondeat superior.

**WHEREFORE**, Plaintiff demands judgment against Defendants as follows:

(A) an order granting compensatory damages in an amount to be determined at trial;

(B) an order awarding punitive damages against the individual Defendants in an amount to be determined at trial;

(C) an order awarding Plaintiff reasonable attorneys' fees together with costs and disbursements, pursuant to 42 U.S.C. § 1988; and

(D) an order awarding such other further relief as the Court may deem just and proper.

Dated: New York, New York
March 18, 2019

Nicholas Mindicino, ESQ.
*Attorney for Plaintiff*
Liakas Law, P.C.
65 Broadway, 13th Floor
New York, New York 10006
(212) 937-7765